**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **STELLA BENDER, as parent and next friend of D.W., a minor,** ) <br> ) <br> **Plaintiff,** ) <br> **v.** ) <br> ) <br> **LONNIE NETZEL, in his individual and official capacity as an employee of the City of Kankakee, et al.,** ) <br> ) <br> ) <br> **Defendants.** ) | **Case No. 10-2008** |

# REPORT AND RECOMMENDATION

In January 2010, Plaintiff Stella Bender, as parent and next friend of D.W., a minor, filed a Complaint (#1) against Defendants Lonnie Netzel, the City of Kankakee, and the Board of Education of Kankakee School District 111. In April 2010, Plaintiff filed her First Amended Complaint (#31). Federal jurisdiction is based on federal question under 28 U.S.C. § 1331, because some of Plaintiff's claims allege violations of the United States Constitution.

In May 2010, Defendant Board of Education of Kankakee School District 111 filed a Motion To Dismiss Pursuant to FRCP 12(b)(6) (#38). Plaintiff has filed no response.

Defendant's motion addresses only Count V, which alleges that Defendant School District violated the Abused and Neglected Child Reporting Act (325 ILCS 5/1 *et seq.*) (hereinafter "ANCRA") because its employees failed to report that Defendant Lonnie Netzel had used a taser on students. Plaintiff alleges that if Defendant had reported Lonnie Netzel's conduct, Netzel would not have used a taser on D.W. Plaintiff seeks damages in excess of $1,000,000.

Defendant contends that the ANCRA does not provide for a private tort action. In support, Defendant cites *John Doe-1 v. N. Cent. Behavioral Health Sys., Inc.*, 816 N.E.2d 4 (Ill. App. Ct. 2004); *Cuyler v. United States*, 362 F.3d 949 (7th Cir. 2004); and other cases.

The Court agrees that the ANCRA provides neither an express nor an implied private right of action.  *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 514 (7th Cir. 2010) ("ANCRA's mandate to report child abuse does not create any duty to the abused child enforceable under Illinois tort law.")  Accordingly, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Pursuant to FRCP 12(b)(6) **(#38)** be **GRANTED.**

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 14th day of July, 2010.

                                              s/ DAVID G. BERNTHAL
                                              U.S. MAGISTRATE JUDGE